# SUPERIOR COURT OF BALTIMORE CITY.

Filed July 23, 1908.

THOMAS O'NEILL

VS.

JAMES D. FERGUSON, GARNISHEE OF ALVA HUBBARD.

*B. H. Hartogensis* for plaintiff.

*D. E. Monroe* for defendant.

## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

ELLIOTT, J.—

The only question which we need to decide in this case is as to the binding effect of a judgment obtained by plaintiff against Alva Hubbard on the 27th day of January, 1897, after the filing of Hubbard's petition in insolvency, but previous to his final discharge therein on February 11th, 1897.

There was no plea filed by Hubbard in the suit wherein judgment was entered, which was therefore a judgment by default for want of a plea.

And the clear question presented is, as to whether or not a discharge in insolvency is a final discharge of all previous debts without being especially pleaded, and thereby extinguishes all legal liability on the part of the defendant and petitioner to a creditor whose judgment would have been undoubtedly good but for such petition and discharge.

I do not understand that the effect of a discharge is to completely extinguish a prior existing debt, but I am of the opinion that such a debt has so far an existence after the discharge as to justify the recovery of a judgment thereon after an express promise on the part of the petitioner to pay.

This has been decided by our Court of Appeals in the case of the Baltimore and Ohio R. R. vs. Clark, 19th Md. page 522, and this decision has been followed in the cases of Ingersol vs. Martin, 58th Md. page 75, and Webster vs. LeCompte, Extr., 74 Md. pages 256 and 257.

The conclusion from these cases would seem to be that a discharge in insolvency to be effective in extinguishing the debt must be pleaded, and that even after becoming effective may be so far waived as to justify a recovery upon the original indebtedness.

I am of the opinion, therefore, that the judgment obtained against Hubbard on January 27th, 1897, is a good judgment, notwithstanding a subsequent discharge in insolvency, and being so, entitles the plaintiff to recover as against the garnishee in this case, and to have a judgment of condemnation against the fund paid into court.

Filed July 24, 1908.